UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-22082-CV-WILLIAMS
MAGISTRATE JUDGE REID

SAMUEL RIVERA,

    Petitioner,

v.

VICTORIA R. BRENNAN,

    Respondent.

**REPORT RE DISMISSAL FOR FAILURE TO OBTAIN
AUTHORIZATION PURSUANT TO 28 U.S.C. § 2244(b)(3)**

Petitioner, a state inmate, has filed a purported complaint under 42 U.S.C. § 1983. [ECF No. 1]. He seeks invalidation of his conviction in Miami-Dade County Case No. 85-25037 and release from custody. [*Id.* at 2, 4, 12].[1] Thus, the court properly treats the purported § 1983 complaint as a habeas petition under 28 U.S.C. § 2254. *See Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) ("[I]f the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a § 2254 habeas petition, not a § 1983 civil rights action."); *see also United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990) ("Federal courts have . . . an obligation to

---

[1] All page citations to ECF entries refer to the page-stamp number at the top, right-hand corner of the page.

look behind the label of a [complaint] filed by a *pro se* [litigant] . . . ."). As discussed below, the petition should be DISMISSED for lack of jurisdiction as successive.

## I. Background

Petitioner previously filed a § 2254 petition attacking the same conviction that he attacks here, which was denied on the merits. *See Rivera v. Sistrunk et al.*, Case No. 94-02087-CV-LENARD (S.D. Fla. 1994), ECF Nos. 22, 27; *see also Rivera v. Fla. Dep't of Corr.*, Case No. 11-20688-CV-ALTONAGA (S.D. Fla. 2011), ECF No. 7 at 3.[2] The Eleventh Circuit affirmed. *Rivera v. Sistrunk*, 163 F.3d 1358 (11th Cir. 1998) (table). The Supreme Court denied review. *Rivera v. Sistrunk*, 528 U.S. 827 (1999).

Subsequently, petitioner filed at least one § 2254 petition that was dismissed as successive. *Rivera*, Case No. 11-20688-CV-ALTONAGA, ECF No. 9. The Eleventh Circuit denied a certificate of appealability. *Id.*, ECF No. 25 at 2.

## II. Discussion

Rule 4 of the Rules Governing § 2254 Cases provides that, "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief. . . , the judge must dismiss the petition . . . ." Consistently, the Supreme Court has stated that "[f]ederal courts are authorized to dismiss summarily any habeas petition that

---

[2] The undersigned takes judicial notice of these records. *Cash Inn of Dade, Inc. v. Metro. Dade Cty.*, 938 F.2d 1239, 1243 (11th Cir. 1991) ("A district court may take judicial notice of public records within its files relating to the particular case before it . . . ." (citation omitted)).

appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing Rule 4, Rules Governing § 2254 Cases). In reviewing a petition under Rule 4, courts must construe it liberally. *Enriquez v. Fla. Parole Comm'n*, 227 F. App'x 836, 837 (11th Cir. 2007) (per curiam) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

"Before a second or successive [§ 2254 petition] is filed in the district court, the [petitioner] shall move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]." 28 U.S.C. § 2244(b)(3)(A).

"A motion in the court of appeals for an order authorizing the district court to consider a second or successive [petition] shall be determined by a three-judge panel of the court of appeals[,]" and may be granted "only if [the court of appeals] determines that the [petition] makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." *Id.* § 2244(b)(3)(B)-(C).

Under § 2244(b), without authorization from the appropriate court of appeals, a "[d]istrict [c]ourt [is] without jurisdiction to entertain" a "'second or successive' petition challenging [the inmate's] custody[.]" *Burton v. Stewart*, 549 U.S. 147, 157 (2007).

However, "the phrase 'second or successive' is not self-defining and does not refer to all habeas applications filed second or successively in time." *Stewart v. United States*, 646 F.3d 856, 859 (11th Cir. 2011) (citation omitted). For instance,

"second or successive status only attaches to a judgment on the merits." *Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014) (citations omitted).

Here, the court dismissed petitioner's prior § 2254 petition on the merits and he has not obtained the necessary authorization from the Eleventh Circuit. Furthermore, he attacks the same conviction that he attacked in his prior § 2254 petition. Therefore, the court lacks jurisdiction over this petition and it should be dismissed.[3]

### III.   Recommendations

As discussed above, it is recommended that the § 2254 petition [ECF No. 1] be DISMISSED for lack of jurisdiction as successive and that this case be CLOSED.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar petitioner from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

---

[3] The court will provide petitioner with a form to apply for such authorization. However, the instant § 2254 petition clearly appears to be untimely. *See* 28 U.S.C. § 2244(d)(1). Thus, neither a direct transfer to the Eleventh Circuit under 28 U.S.C. § 1631 nor a stay is proper. *See Guenther v. Holt*, 173 F.3d 1328, 1330-31 (11th Cir. 1999).

SIGNED this 30th day of June, 2020.

_____
UNITED STATES MAGISTRATE JUDGE


cc:    Samuel Rivera
       180695
       South Florida Reception Center-South Unit
       Inmate Mail/Parcels
       13910 NW 41st Street
       Doral, FL 33178
       PRO SE